# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ESTATE OF PIERRE LOURY, Deceased, by Tambrasha Hudson, Administrator, | ) ) ) ) | No. 16 C 04452 |
| Plaintiff, | ) ) ) | Judge Amy J. St. Eve |
| vs. | ) ) | Magistrate Judge Jeffrey T. Gilbert |
| CITY OF CHICAGO, Chicago Police Officers SEAN HITZ (Star No. 6272) and JEFF J. RIORDAN (Star No. 7716), | ) ) ) ) | JURY TRIAL DEMANDED |
| Defendant. | ) | |

**PLAINTIFF'S RESPONSE AND OBJECTIONS TO
DEFENDANT HITZ'S FIRST REQUEST TO PRODUCE TO PLAINTIFF**

Tambrasha Hudson, as Administrator of the Estate of Pierre Loury, deceased, (hereafter referred herein as "Plaintiff") by and through her attorneys, submit the following Responses and Objections to Defendant Officer Hitz's First Request to Produce to Plaintiff.

**GENERAL OBJECTIONS**

1. Plaintiff objects to each Request to the extent that it seeks information containing communications or other matters protected from disclosure by the attorney-client privilege, the work product doctrine, or other applicable privilege, or any information that is otherwise privileged, protected, or confidential under any applicable doctrine, statute or rule. Such Responses as may hereafter occur will not include information protected by such privileges or doctrines, and inadvertent disclosure of the same will not be deemed a waiver of any such privilege or doctrine.

2. Plaintiff objects to Plaintiff's Request, including each definition and instruction contained therein, insofar as it purports to impose upon Plaintiff obligations beyond those imposed by the Federal Rules of Civil Procedure. Plaintiff's Responses will be in accordance with the discovery rules provided by the Federal Rules of Civil Procedure.

1

3. Plaintiff objects to each Request to the extent that it requires it to review, refer to, maintain or produce documents in a manner outside of or different from its usual possession or control.

4. Plaintiff objects to the Requests to the extent they are not sufficiently limited or reasonably calculated to lead to the discovery of admissible evidence and, are therefore, vague, overbroad and unduly burdensome.

5. Plaintiff objects to any Request the response to which requires information not within her care, custody or control.

6. Plaintiff objects to each Request to the extent that it calls for information previously produced or currently in possession of Defendants or which is equally available to Defendants and Plaintiff from other sources.

7. Plaintiff objects to the extent that Defendant Officer Hitz's requests for production are repetitive, overlapping or duplicative.

8. Plaintiff objects to Defendant Officer Hitz's requests for production to the extent they are not reasonably limited in time.

9. Plaintiff objects to Defendant Officer Hitz's requests for production to the extent they assume facts and conclusions not already established.

10. Plaintiff objects to providing any information or documents that are not relevant to the issues, claims or defenses in this matter, specifically the allegations contained in the Second Amended Complaint, or that would not reasonably lead to the discovery of admissible evidence. By producing any of the information or documents requested, Plaintiff does not concede the relevance thereof to the subject matter of this litigation.

11. Nothing set forth in specific objections is intended as or should be construed as a waiver of the above general objections, or of any other specific objection set forth. The foregoing General Objections are herein incorporated by reference into each Response below.

## PLAINTIFF'S RESPONSES TO REQUEST TO PRODUCE

1.  All documents in your possession or control relating to Pierre Loury's (herein "decedent") education, including but not limited to diplomas, certificates, school transcripts, applications, notices of truancy and absences, etc.

    **RESPONSE**: None.

2.  All documents relating to any disciplinary actions taken against the decedent, whether formal or informal, at any educational institution, which includes any notifications of disciplinary actions.

    **RESPONSE**: None.

3.  All documents and court orders establishing an estate for the decedent and/or naming Tambrasha Hudson as the administrator of said estate.

    **RESPONSE**: Plaintiff produces documents HUDSON 000001 through HUDSON 000008.

4.  All documents reflecting or evincing the assets of the estate of the decedent.

    **RESPONSE**: See the documents in Estate of Pierre Loury, Deceased, by Tambrasha Hudson, Administrator, vs. City of Chicago, et al. Case No. 16 C 04452 (N.D. Ill.).

5.  All correspondence sent by you or your attorney requesting documentation relating to the decedent, the Defendants in this case, or the incident alleged in the operating Complaint, including but not limited to correspondence sent prior to the filing of this lawsuit. Specifically, this includes but is not limited to any requests made pursuant to the Federal or Illinois Freedom of Information Act.

    **RESPONSE**: None.

6.  Each and every document you and/or your counsel received in answer to the correspondence reference in Request No. 5.

    **RESPONSE**: None.

7.  Any and all reports or documents referred to or identified in answer to Defendant Sean Hitz's First Set of Interrogatories to Plaintiff.

    **RESPONSE**: Plaintiff produces documents HUDSON 000009 through HUDSON 000013.

8.  Any and all photographs which relate in any way to this matter, including but not limited to, photographs of the decedent that Plaintiff intends to use at trial to support Plaintiffs claim of loss of society and any other damages, photographs of the scene of the occurrence, photographs of the vehicles involved, and photographs of any of the people involved.

3

**RESPONSE**: See audio and video recordings of the incident in the possession of IPRA. See also http://www.chicagotribune.com/news/local/breaking/ct-home-square-police-shooting-20160412-story.html and the video which accompanies the article. Investigation continues.

9. Any and all documents, items, audio or video recordings obtained through your or your attorneys' investigation of the incident in question.

**RESPONSE**: None.

10. Any and all statements by any person, whether written, or recorded (including audio and video) other than those turned over by the Defendants, regarding this matter.

**RESPONSE**: None.

11. Any and all telephone records and bills for any telephone(s), including landline and cell phone(s) that the decedent used from April 1, 2016 until his death on April 11, 2016.

**RESPONSE**: None.

12. Any and all medical reports, records, x-rays, files and/or documents relating to any physical, mental or emotional injuries suffered by the decedent as a result of the incident complained of that Plaintiff will rely upon to support his claim of damages.

**RESPONSE**: None.

13. Any and all other bills and receipts showing expenditures by the decedent's estate which are claimed as damages in this case and any and all documents relating to or supporting any other claims for damages in this action.

**RESPONSE**: Plaintiff produces documents HUDSON 000009 through HUDSON 000013 referring to expenditures to date by the decedent's estate.

14. Any and all police reports, court records, notes, transcripts, correspondence, or other documents relating to any occurrence wherein the decedent was accused of violating the law.

**RESPONSE**: None.

15. Any and all physical evidence, objects and tangible things the decedent and/or his attorneys have knowledge of concerning or relating to the incidents alleged in the operating Complaint.

**RESPONSE**: Audio and video recordings of the incident in the possession of IPRA; http://www.chicagotribune.com/news/local/breaking/ct-home-square-police-shooting-20160412-story.html and the video which accompanies the article; such physical evidence, objects and tangible

4

things in the custody and possession of the Chicago Police Department and its investigators, IPRA, and other departments of the City of Chicago relating to its investigation of the shooting death of Pierre Loury.

16. All documents relating to communications or contact between the Plaintiff and any person (other than your attorney) concerning the shooting of decedent and/or your lawsuit.

**RESPONSE**: None.

17. All documents you, your attorneys, or any other representative has received in RESPONSE to a Freedom of Information Act ("FOIA") request made - either through federal or state law — in order to receive documents associated with this lawsuit, Individual Defendants, or any other City of Chicago employee.

**RESPONSE:** None.

18. All documents relating to the individual Defendants in the possession, custody or control of you or your attorneys, including but not be limited to, copies of all Complaint Register (CR) files, media reports, videotapes of news media footage, communications with other attorneys, and copies of any lawsuits or court files regarding the individual Defendants.

**RESPONSE**: None.

19. Any and all statements, written, oral, audiotape, videotape or other given by Plaintiff and/or her attorneys to the news media (radio, television, newspaper or other) relating to the incidents, events or occurrences that form the basis of this lawsuit, the initiation or filing of the lawsuit, and this litigation.

**RESPONSE**: None.

20. All documents in your possession generated by City of Chicago or any City of Chicago employee concerning or relating in any way to the subject matter of the operating Complaint, other than those tendered by any Defendant in this matter.

**RESPONSE**: None.

21. All documents kept by you and/or by your attorneys related to media coverage of the events alleged in the operating Complaint, including, but not limited to newspaper articles, records, or interviews, records of television news reports, internet reports or radio reports.

**RESPONSE**:
- http://www.chicagotribune.com/news/local/breaking/ct-home-square-police-shooting-20160412-story.html and the video which accompanies the article.

- Police Accountability Task Force Report and executive Summary are at: https://chicagopatf.org/wp-content/uploads/2016/04/PATF_Final_Report_Executive_Summary_4_13_16-1.pdf

5

- and https://chicagopatf.org/wp-content/uploads/2016/04/PATF_Final_Report_4_13_16-1.pdf
- Audio and video recordings in the possession of IPRA reflecting the incident;
- Publicly released Police Complaint Register information on the internet at the Citizens Police Data Project's website: www.cpdb.com;
- Macareg, Sarah and Flowers, Alison, Amid Shootings, Chicago Police Department Upholds Culture of Impunity, Truthout, October 22, 2014, http://www.truth-out.org/news/item/27486-investigation-uncovers-culture-of-impunity-for-chicago-police-department ;
- Mayor Emanuel's speech: http://www.illinoisobserver.net/2015/12/09/full-text-emanuel-speech-chicago-police-accountability-mcdonald-shooting/
- Konkol, Mark. SPECIAL REPORT: Rule 14's Slow Road to Justice for Police Who Lie, DNAinfo.com, December 20, 2013: https://www.dnainfo.com/chicago/20131219/river-north/special-report-rule-14-cops-who-lie-testing-public-trust
- Konkol, Mark. SPECIAL REPORT: Not All 'Career Killer' Rule 14 violations End with Firing, DNAinfo.com, December 21, 2013: https://www.dnainfo.com/chicago/20131226/wrigleyville/special-report-not-all-career-killer-rule-14-violations-end-with-firing
- Data: Black Chicagoans at higher risk of being shot by police: December 31, 2014. http://chicagoreporter.com/best-of-2014-data-black-chicagoans-at-higher-risk-of-being-shot-by-police/
- Caputo, Angela, Data: Black Chicagoans at higher risk of being shot by police: January 23, 2014. http://chicagoreporter.com/data-black-chicagoans-higher-risk-being-shot-police/
- Chicago does little to control police misconduct – or its costs: June 22, 2016. http://chicagoreporter.com/chicago-does-little-to-control-police-misconduct-or-its-costs/

22. Copies of any statements or photos relating to the incident alleged in the Complaint made on any website or social networking site at any time. This request also serves as a request to preserve any such statements or photos as they are depicted online. This request includes pictures in which the decedent is or was "tagged" as commonly understood by social media users. This request also includes any and all posts or photos that appeared on any website or social networking site regardless of whether they were deleted, removed, hidden, made private, "untagged," etc.

**RESPONSE**: None.

23. Copies of all photographs, status comments, and any other post from any social media account or profile of Pierre Loury since January 1, 2015.

**RESPONSE**: None.

6

November 18, 2016

Respectfully Submitted,
ESTATE OF PIERRE LOURY, deceased,
by Tambrasha Hudson, Administrator.

By _____
One of Her Attorneys

Andrew M. Stroth
ACTION INJURY LAW GROUP, LLC
191 N. Wacker Drive, Suite 2300
Chicago, Illinois 60606
(312) 771-2444
astroth@actioninjurylawgroup.com

Joseph J. Duffy
Mariah E. Moran
Corey B. Rubenstein
STETLER, DUFFY & ROTERT, LTD
10 S. LaSalle Street, Suite 2800
Chicago, Illinois 60603
(312) 338-0200
jduffy@sdrlegal.com
mmoran@sdrlegal.com
cruben@sdrlegal.com

Carlton Odim
ODIM LAW OFFICES
225 W. Washington Street, Suite 2200
Chicago, Illinois 60606
(312) 578-9390
carlton@odimlaw.com

ATTORNEYS FOR PLAINTIFF

7

VERIFICATION

I verify under penalty of perjury that the foregoing document is true and correct, except as to those matters stated to be on information and belief.

Executed on November 18, 2016
Chicago, Illinois

By: *Tambrasha Hudson* (signature)
Tambrasha Hudson
Administrator
Estate of Pierre Loury, Deceased

## CERTIFICATE OF SERVICE

I, Carlton Odim, an attorney, hereby certify that on November 18, 2016, a copy of the foregoing *Plaintiff's Responses and Objections to Defendant Officer Hitz's First Request to Produce* was served upon the parties listed below via email:

Jason Marx
Assistant Corporation Counsel
30 N. LaSalle Street - Suite 900
Chicago, Illinois 60602
(312) 744-1975
jason.marx@cityofchicago.org

*ATTORNEYS FOR DEFENDANTS HITZ AND RIORDAN*

Raoul Mowatt
Assistant Corporation Counsel
30 N. LaSalle Street - Suite 900
Chicago, Illinois 60602
(312) 744-3983
raoul.mowatt@cityofchicago.org

*ATTORNEYS FOR DEFENDANT CITY OF CHICAGO*

November 18, 2016

By: _____
One of the attorneys for Plaintiff