# GROUP EXHIBIT B

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| ESTATE OF PIERRE LOURY, | ) | |
| Deceased, by Tambrasha Hudson, | ) | |
| Administrator, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 16 C 04452 |
| | ) | |
| CITY OF CHICAGO, Chicago Police | ) | Judge Amy J. St. Eve |
| Officers SEAN HITZ (Star No. 6272) | ) | |
| and JEFF J. RIORDAN (Star No. 7716), | ) | Magistrate Judge Jeffrey T. Gilbert |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S FIRST SET OF
## INTERROGATORIES TO DEFENDANT CITY OF CHICAGO

Plaintiff requests, pursuant to Fed.R.Civ.P. 33, that Defendant, City of Chicago, answer

the following interrogatories under oath within 30 days of the date of service of this request:

1. Provide the names and contact information (including addresses and telephone

numbers) of all purported witnesses (civilian and law enforcement) to the attempted arrest and

shooting of Pierre Loury by Officer Sean Hitz and Officer Jeff J. Riordan on or about April 11,

2016, and the events leading up to and in the aftermath of the arrest and shooting (including the

dispatch call, the officers' pursuit of Pierre Loury) (collectively, "the incident"), and, for each

such witness, describe the account given by the witness as to the incident and state whether the

witness has provided a statement in any form.

**ANSWER:**

2.      Identify by name each witness who you may call to testify at trial, including each witness's address and telephone number.

**ANSWER:**

3.      Identify all instances in which Officer Hitz has been the subject of any internal or external complaints and/or disciplinary action relating to the performance of his duties as a Chicago police officer. For each such instance, describe the nature and date of the complaint or discipline, the name of the complainant, Officer Hitz's response to the complaint, and how the complaint was resolved and/or what discipline was imposed.

**ANSWER:**

4.      Identify all instances in which Officer Jeff J. Riordan has been the subject of any internal or external complaints and/or disciplinary action relating to the performance of his duties as a Chicago police officer. For each such instance, describe the nature and date of the complaint or discipline, the name of the complainant, Officer Hitz's response to the complaint, and how the complaint was resolved and/or what discipline was imposed.

**ANSWER:**

5.      Since January 2010, identify by date, location of incident, name of officer, and name of suspect all instances in which a Chicago police officer used or attempted to use deadly force in the scope of his employment.

**ANSWER:**

6.    For each instance identified in response to Interrogatory No. 5, state whether any investigation was conducted regarding the officer's use of deadly force, and the results of that investigation, including whether any disciplinary actions were taken against the officer.

**ANSWER:**

7.    Do you contend that the justification for the use of deadly force against Pierre Loury was that Pierre Loury was turning to point a gun at or in the direction of Officer Hitz or Officer Riordan?

**ANSWER:**

8.    Do you contend that any surveillance video of the incident shows a gun in one of the hands of Pierre Loury? If so, please identify and provide each such surveillance video and state the exact number of minutes and seconds into the video for each time you contend the gun can be seen in one of the hands of Pierre Loury.

**ANSWER:**

9.    State the name of the policymaker(s) responsible for the policies or procedures identified in response to Document Request Nos. 36-38.

**ANSWER:**

Dated: October 7, 2016                    Respectfully submitted,

                                          TAMBRASHA HUDSON,  Independent
                                          Administrator of the Estate of
                                          PIERRE LOURY, deceased

                                          By: /s/ Corey B. Rubenstein
                                              One of Her Attorneys

Andrew M. Stroth
Action Injury Law Group, LLC
191 N. Wacker Drive, Suite 2300
Chicago, Illinoi  60606
(312) 771-2444
astroth@actioninjurylawgroup.com

Joseph J. Duffy
Corey B. Rubenstein
STETLER, DUFFY & ROTERT, LTD.
10 S. LaSalle Street
Suite 2800
Chicago, Illinois 60603
(312) 338-0200
jduffy@sdrlegal.com
cruben@sdrlegal.com

Carlton Odim
Odim Law Offices
225 W. Washington Street, Suite 2200
Chicago, Illinois 60606
(312) 578-9390
carlton@odimlaw.com

*ATTORNEYS FOR PLAINTIFF*

4

## CERTIFICATE OF SERVICE

I, Corey B. Rubenstein, an attorney, hereby certify that the attached **Plaintiff's First Set of Interrogatories to Defendant City of Chicago** was served via United States Mail and email upon:

Jonathan Clark Green
Raoul Vertick Mowatt
Chicago Corporation Counsel
30 North LaSalle St. , Suite 900
Chicago, IL 60602
jonathangreen@cityofchicago.org
raoul.mowatt@cityofchicago.org

*Attorneys for Defendant City of Chicago*

Arlene Esther Martin
Jason Michael Marx
Shawn William Barnett
City of Chicago Department of Law
30 North LaSalle St., Suite 900
Chicago, IL 60602
amartin@cityofchicago.org
Jason.Marx@cityofchicago.org
shawn.barnett@cityofchicago.org

*Attorneys for Defendants Officer Sean Hitz and Officer Jeff J. Riordan*

on the 7th day of October, 2016.                    /s/      Corey B. Rubenstein
                                                    Corey B. Rubenstein

5

EDWARD N. SISKEL
Corporation Counsel of the City of Chicago

BY:   /s/ Raoul Vertick Mowatt
Assistant Corporation Counsel

30 North LaSalle Street, Suite 900
Chicago, Illinois 60602
(312) 744-3283

5

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| ESTATE OF PIERRE LOURY, | ) | |
| Deceased, by Tambrasha Hudson, | ) | |
| Administrator, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 16 C 04452 |
| | ) | |
| CITY OF CHICAGO, Chicago Police | ) | Judge Amy J. St. Eve |
| Officers SEAN HITZ (Star No. 6272) | ) | |
| and JEFF J. RIORDAN (Star No. 7716), | ) | Magistrate Judge Jeffrey T. Gilbert |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S FIRST REQUEST TO DEFENDANTS CITY OF CHICAGO, OFFICER SEAN HITZ, AND OFFICER JEFF RIORDAN FOR PRODUCTION OF DOCUMENTS AND OTHER MATERIALS

Plaintiff requests, pursuant to Fed.R.Civ.P. 34, that the City of Chicago, Officer Sean

Hitz, and Officer Jeff Riordan produce for inspection and/or copying the following documents,

electronically-stored information, and other materials within 30 days of the date of this request,

at the offices of Stetler, Duffy & Rotert, Ltd., or at such other location as shall be mutually

agreed:

1.      All documents which relate to, support, or purportedly rebut any of the allegations

or claims in Plaintiff's First Amended Complaint.

2.      All documents relating to or supporting your 12(b)(6) defenses, affirmative

defenses and answers to Plaintiff's First Amended Complaint, including all documents upon

which you may rely at trial.

3.      All documents which support or relate to any of your responses to any of

Plaintiff's Interrogatories or Requests to Admit, if any, in this case.

4.     All documents relating to Pierre Loury, including but not limited to color copies and the original digital files of any photographs taken of Pierre Loury, any "investigative alerts" relating to Pierre Loury and all documents relating to any such "investigative alerts," and any medical records relating to Pierre Loury, whether such documents are in the Defendants' possession or are obtained via third-party subpoena.

5.     All documents containing, constituting, or memorializing communications referring or relating to Pierre Loury, the Pierre Loury shooting investigation, or any other event or occurrence described in Plaintiff's Complaint. This Request includes, but is not limited to (a) all communications between any of the individual defendants; (b) all communications between or among any of the individual defendants and other members, agents or employees of the City of Chicago or the Chicago Police Department; (c) all communications between any of the defendants and any third-party, including other law enforcement agencies; (d) all communications with the Independent Police Review Authority (IPRA), Office of Professional Standards, or Internal Affairs; (e) IPRA's entire investigative file regarding the Pierre Loury shooting; and (f) all communications with any witnesses to any of the events or circumstances described in Plaintiffs Complaint.

6.     All documents, including all communications, between any employee of the City of Chicago and news media on the subject of Pierre Loury, the Pierre Loury shooting investigation, or any other event described in Plaintiff's Complaint, including but not limited to all video-recorded interviews, audio-recorded interviews, emails, articles, or written

correspondence.

7.     All electronic mail sent to or received by any of the individual defendants or any other employee of the City of Chicago Police Department or IPRA on the subject of Pierre Loury, the Pierre Loury shooting investigation, or any other event described in Plaintiff's Complaint.

8.     All documents (other than those that are attorney-client or attorney work-product privileged) relating to any communication between any of the defendants, or their counsel, agents, representatives, or any person working on their behalf, on the one hand, and any person who may have discoverable information or knowledge of the allegations or claims in Plaintiff's Complaint or the defendants' defenses to Plaintiff's Complaint, on the other hand, including but not limited to any witness disclosed by any of the parties under Rule 26 or in response to Interrogatories.

9.     All physical evidence relating to any of the allegations in Plaintiff's Complaint or the Defendant's defenses to Plaintiff's Complaint.

10.    All documents that constitute records, logs, or inventories of physical evidence relating to any of the allegations in Plaintiff's Complaint or the Defendant's defenses to Plaintiff's Complaint, including but not limited to records, logs, or inventories of any physical evidence collected by defendants.

11.    All documents in your possession, custody, or control relating to the events

described in Plaintiff's complaint, including but not limited to all police reports, supplementary reports, arrest reports, closing reports, photographs, evidence vouchers, evidence folders, other investigative materials, hold reports, general progress reports, felony review documents, investigative file inventory sheets, Investigative Files, Area Files, Investigatory Case File Folders, Unit R.D. Numerical Sequence Files, Permanent Retention Files, Records Division Files, RD Files, CB Files, Crime Lab Files, ERPS Files Street Files, Running Files, Unit Files, Working Files, and Event History Tables.

12.     All documents, including statements, reports, personal notes, or personal files of any employee of the City of Chicago Police Department or IPRA, that summarize, reflect, or describe any of the activities undertaken during the Pierre Loury shooting investigation that are not otherwise included in the official files of the Chicago Police Department.

13.     Any witness statements relating to any of the events described in Plaintiff's Complaint.

14.     All documents or other evidence that would tend to show that Pierre Loury was not in possession of a handgun on April 11, 2016.

15.     All documents or other evidence that would tend to show that Pierre Loury did not point a handgun at Officer Hitz on April 11, 2016.

16.     All documents relating to the evidence collected from the scene of the events

giving rise to Plaintiff's complaint.

17.     All documents and tangible items created, maintained, or collected by the Chicago Police Forensic Services relating to the events described in Plaintiff's complaint, including all notes, reports, photographs, videos, field sketches, and inventories. This request specifically includes documents and items maintained in the Forensic Investigator's case file.

18.     All documents relating to any forensic testing or analysis or crime laboratory analysis or testing relating to Plaintiff, the events described in Plaintiff's Complaint, or the Pierre Loury shooting investigation, including but not limited to documents relating to Chicago Police Forensic Services, Illinois State Police crime labs, Federal Bureau of Investigation crime labs, or any other crime lab that has collaborated, participated, or been used in the Pierre Loury shooting investigation. This request should be construed to include test results, records of forensic testing, physical evidence, documentary evidence, notes, reports, photographs, videos, field sketches, inventories, correspondence, and Communications sent to or from such laboratories relating to the Pierre Loury shooting investigation.

19.     All transcripts, video recordings, audio recordings, radio recordings or transmissions, 911/emergency recordings or transmissions, 311 recordings or transmissions, or other audio or visual documentation, including documents memorializing the same, depicting or relating to the events described in Plaintiff's Complaint. This request specifically includes:

        a)      all evidentiary photographs taken in connection with the Pierre Loury shooting investigation;

b) photographs, audio, or video presented to any witness during the Pierre Loury shooting investigation;

c) video, audio, and photographs taken by any Police Observation Device ("POD");

d) video, audio, and photographs taken by any police car dashboard camera, red light camera, or any other camera, audio recording device, or video recording device used by the Chicago Police Department;

f) recordings of and documents relating to any emergency/911 or 311 calls made on April 11, 2016, regarding activities within a five block radius of 3400 block of West Grenshaw Street in Chicago;

g) all documents sent to or received from the Office of Emergency Management & Communications ("OEMC"), including but not limited to audio of 911 calls and radio transmissions prepared by OEMC on April 11, 2016, in connection in any way with the events described in Plaintiff's Complaint; and

h) all Portable Data Terminal (PDT) communications or notations relating in any way to the events described in Plaintiffs Complaint or the actions of you or any other employee or agent of the City of Chicago in connection with the events described in Plaintiff's Complaint.

20.    All documents, including print-outs and logs, from the terminals of any police cars that were at the scene of the events described in Plaintiff's complaint on April 11, 2016.

21.    Any "Injured on Duty Report" relating to Officer Hitz or Officer Riordan that was created relating to the events described in Plaintiff's Complaint.

22.    Documents sufficient to show all cell phone numbers and providers used by each of the individual defendants, and by each of the individual defendants' immediate supervisors, at any time on April 11, 2016. This request specifically includes both work-issued and personal cell phone numbers and providers.

23.    All documents which support a contention in this litigation that reasonable suspicion or probable cause existed to stop or investigate Pierre Loury on April 11, 2016.

24.    All documents that support a contention by you in this litigation that the Defendant Officer Hitz's use of force against Pierre Loury on April 11, 2016 was reasonable.

25.    All documents relating to any review or investigation conducted by the City of Chicago, the Independent Police Review Authority, the Office of Professional Standards, Internal Affairs, any other unit of the Chicago Police Department, or any division or agency of the City of Chicago concerning any alleged unjustified use of force involving the discharge of a firearm by a Chicago police officer between 2010 and the present day.

26.     All documents and Communications relating to every complaint against each of
the individual defendants alleging any kind of misconduct committed within the scope of their
employment with the City of Chicago, including all documents filed in a civil or criminal suit.
Complaint Register files, SPARS, Counseling Reports, documents relating to complaints of any
kind (internal, citizen, etc.), and documents in which any individual defendant was named as
having committed any misconduct. This request seeks all documents without temporal limitation.

27.     All documents or communications relating to any review or investigation
conducted by the City of Chicago, the Chicago Police Department, the Independent Police
Review Authority, the Office of Professional Standards, Internal Affairs, any other unit of the
Chicago Police Department, or any division or agency of the City of Chicago concerning any of
the alleged misconduct of any of the individual defendants identified in No. 26, above.

28.     All files in your possession, custody, or control, that are maintained by the City of
Chicago or the Chicago Police Department relating to any individual defendant, including but
not limited to that defendant's complete personnel file, complaint history, disciplinary history,
general history printout, training records, and any Internal Affairs files.

29.     A photograph of each of the individual defendants showing each of the individual
defendant's appearance at or near the time of the Pierre Loury shooting investigation. This
request seeks the photograph of each individual defendant taken closest in time to April 11, 2016,
as well as any and all photographs taken in connection as part of that investigation.

8

30.     All employment evaluations maintained by the Department relating to each

individual defendant, including all "Performance Rating Inquiry" printouts, "Key Performance

Indicators," "Performance Evaluation Summaries," "Individual Summaries," and "Performance

Rating Cards." This request seeks all such documents from January 2005 to the present.

31.     All documents relating to any review or monitoring of any individual defendant

by the Department through the Behavioral Alert Program or the Personal Concerns Program.

This request seeks all such documents from January 2005 to the present.

32.     All documents comprising a policy or procedure of the City of Chicago or the

Chicago Police Department between March 31, 2010 and April 11, 2016, on any of the following

subjects:

a)     the existence of a de facto "code of silence" among police officers, and all

documents relating to any training to dispel the "code of silence."

b)     the use of force by police officers, including the use of force against

civilians fleeing from the police;

c)     use of police weapons, including handguns, against civilians;

d)     investigation and review of police shootings of civilians, including taking

officer and witness statements about such shootings;

e)     discipline of police officers or employees of the Chicago Police

Department and disciplinary proceedings against police officers or employees of the Chicago

Police Department;

f)     reporting requirements of CPD police officers who observe or believe that

another CPD police officer has violated a General Order, Department policy, or state or federal

law in the performance of his or her law enforcement duties;

g)     recovery and maintenance of physical evidence, including searching for

such evidence, securing it, creating an inventory for it, and maintaining its chain of custody;

h)     conducting, documenting, or memorializing interrogations, interviews, or

questioning of suspects and witnesses;

i)     retaining, destroying, writing, filing, and storing police reports in the

course of an investigation;

j)     retaining, destroying, writing, filing, and storing notes taken in the course

of an investigation; and

k)     video-recording or audio-recording interrogations, interviews, or

questioning of suspects or witnesses.

33.     All documents identifying any policymaker who was responsible for or had final

policymaking authority for any of the policies or procedures identified in No. 32, above, between March 31, 2010 and April 11, 2016, as well as all documents relating to any effort of those policymaker(s) to review, investigate, analyze, uncover, prevent, or determine the prevalence of any misconduct, deficiency, shortcoming, or other problem relating to any such policy or procedure.

34.     All documents relating to any change made to any policy or procedure of the City of Chicago or the Chicago Police Department between March 31, 2010 and April 11, 2016, on any of the subjects identified in No. 32, above.

35.     All documents reflecting any training provided to any of the Defendants in connection with their employment with the Chicago Police Department, including but not limited to training on any of the following subjects:

a)     the existence of a de facto "code of silence" among police officers, and all documents relating to any training to dispel the "code of silence."

b)     the use of force by police officers, including the use of force against civilians fleeing from the police;

c)     use of police weapons, including handguns, against civilians;

d)     investigation and review of police shootings of civilians, including taking officer and witness statements about such shootings;

e)     discipline of police officers or employees of the Chicago Police

Department and disciplinary proceedings against police officers or employees of the Chicago

Police Department

f)     reporting requirements of CPD police officers who observe or believe that

another CPD police officer has violated a General Order, Department policy, or state or federal

law in the performance of his or her law enforcement duties;

g)     recovery and maintenance of physical evidence, including searching for

such evidence, securing it, creating an inventory for it, and maintaining its chain of custody;

h)     conducting, documenting, or memorializing interrogations, interviews, or

questioning of suspects and witnesses;

i)     retaining, destroying, writing, filing, and storing police reports in the

course of an investigation;

j)     retaining, destroying, writing, filing, and storing notes taken in the course

of an investigation; and

k)     video-recording or audio-recording interrogations, interviews, or questioning of

suspects or witnesses.

This request seeks all such documents without temporal limitation.

36.    All training materials of the Chicago Police Department between March 31, 2010 and April 11, 2016, regarding any of the following subjects:

a)    the existence of a de facto "code of silence" among police officers, and all documents relating to any training to dispel the "code of silence."

b)    the use of force by police officers, including the use of force against civilians fleeing from the police;

c)    use of police weapons, including handguns, against civilians;

d)    investigation and review of police shootings of civilians, including taking officer and witness statements about such shootings;

e)    discipline of police officers or employees of the Chicago Police Department and disciplinary proceedings against police officers or employees of the Chicago Police Department

f)    reporting requirements of CPD police officers who observe or believe that another CPD police officer has violated a General Order, Department policy, or state or federal law in the performance of his or her law enforcement duties;

g)    recovery and maintenance of physical evidence, including searching for

such evidence, securing it, creating an inventory for it, and maintaining its chain of custody;

    h)  conducting, documenting, or memorializing interrogations, interviews, or questioning of suspects and witnesses;

    i)  retaining, destroying, writing, filing, and storing police reports in the course of an investigation;

    j)  retaining, destroying, writing, filing, and storing notes taken in the course of an investigation; and

    k)  video-recording or audio-recording interrogations, interviews, or questioning of suspects or witnesses.

    37.  All documents comprising or relating to any training manual, employee handbook, or police procedure manual provided to the Individual Defendants at any time by the City of Chicago or the Chicago Police Department.

    38.  Any documents that support a claim that any Defendant acted inconsistently with any of the policies or practices of the City of Chicago or Chicago Police Department (formal or informal, written or unwritten) at any time during any event or circumstance described in Plaintiffs Complaint.

39. Any organizational chart that includes one or more of the Individual Defendants, including but not limited to any organization chart that identifies any Individual Defendant's chain of command from March 31, 2010 and April 11, 2016.

40. Any insurance policies, contracts, or indemnification agreements that could or might provide coverage for any of the Defendants for any of the events described in Plaintiffs Complaint.

41. All documents obtained by way of a third-party subpoena in this litigation, including but not limited to employment records, medical records, prison/jail records, or any other records.

42. All documents relating to any expert witnesses disclosed by Defendants under Rule 26, unless such documents are otherwise protected from disclosure under that Rule, including but not limited to: (a) all Communications to and from said experts; (b) all documents provided to and relied upon by said experts; and (c) any transcripts of prior testimony or Rule 26 reports of said experts. As with all discovery requests, this request is subject to ongoing supplementation as such information becomes available.

43. Any and all "demonstrative" aids or exhibits that may be used at trial in this case. As with all discovery requests, this request is subject to ongoing supplementation as such information becomes available.

Dated: October 7, 2016

Respectfully submitted,

TAMBRASHA HUDSON, Independent
Administrator of the Estate of
PIERRE LOURY, deceased

By: /s/ Corey B. Rubenstein
One of Her Attorneys

Andrew M. Stroth
Action Injury Law Group, LLC
191 N. Wacker Drive, Suite 2300
Chicago, Illinoi 60606
(312) 771-2444
astroth@actioninjurylawgroup.com

Joseph J. Duffy
Corey B. Rubenstein
STETLER, DUFFY & ROTERT, LTD.
10 S. LaSalle Street
Suite 2800
Chicago, Illinois 60603
(312) 338-0200
jduffy@sdrlegal.com
cruben@sdrlegal.com

Carlton Odim
Odim Law Offices
225 W. Washington Street, Suite 2200
Chicago, Illinois 60606
(312) 578-9390
carlton@odimlaw.com

*ATTORNEYS FOR PLAINTIFF*

16

## CERTIFICATE OF SERVICE

I, Corey B. Rubenstein, an attorney, hereby certify that the attached **Plaintiff's First Request to Defendants City of Chicago, Officer Sean Hitz, and Officer Jeff Riordan for Production of Documents and Other Materials** was served via United States Mail and email upon:

| | |
|---|---|
| Jonathan Clark Green | Arlene Esther Martin |
| Raoul Vertick Mowatt | Jason Michael Marx |
| Chicago Corporation Counsel | Shawn William Barnett |
| 30 North LaSalle St. , Suite 900 | City of Chicago Department of Law |
| Chicago, IL 60602 | 30 North LaSalle St., Suite 900 |
| jonathangreen@cityofchicago.org | Chicago, IL 60602 |
| raoul.mowatt@cityofchicago.org | amartin@cityofchicago.org |
| | Jason.Marx@cityofchicago.org |
| *Attorneys for Defendant City of Chicago* | shawn.barnett@cityofchicago.org |
| | |
| | *Attorneys for Defendants Officer Sean Hitz* |
| | *and Officer Jeff J. Riordan* |

on the 7th day of October, 2016.              /s/      Corey B. Rubenstein
                                                        Corey B. Rubenstein

17