**<u>EXHIBIT C</u>**

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| ESTATE OF PIERRE LOURY, ) | |
| Deceased, by Tambrasha Hudson, ) | |
| Administrator, ) | No. 16 C 04452 |
| ) | |
| Plaintiff, ) | Judge Amy J. St. Eve |
| ) | |
| vs. ) | |
| ) | |
| CITY OF CHICAGO, Chicago Police ) | |
| Officers SEAN HITZ (Star No. 6272) ) | |
| and JEFF J. RIORDAN (Star No. 7716), ) | |
| ) | |
| Defendants. ) | |

## CONSENT TO ENTRY OF JUDGMENT
## AGAINST DEFENDANT CITY OF CHICAGO

Defendant City of Chicago, by its attorney, Edward N. Siskel, Corporation Counsel, hereby stipulates to the following:

1. Plaintiff Tambrasha Hudson, as administrator of the Estate of Pierre Loury, deceased, ("Plaintiff") filed her Second Amended Complaint on October 26, 2016, against Defendants City of Chicago ("the City") and Chicago Police Officers Sean Hitz (Star No. 6272) ("Defendant Hitz") and Jeff J. Riordan(Star No. 7716) ("Defendant Riordan"). Plaintiff's Second Amended Complaint includes various claims brought under federal and state law.

2. In the Second Amended Complaint, Plaintiff claims that the individually named defendants violated Plaintiff's Decedent's constitutional rights as a result of various policies, practices, and customs of the City. In other words, Plaintiff has brought a *Monell* claim against

2

the City.[1]  Plaintiff seeks a judgment against the City for damages caused by the alleged violation of her rights under the Constitution.

3.     Even if the constitutional rights of Plaintiff's Decedent were violated as alleged, the City specifically denies any such constitutional violation was caused by a person with "final policymaking authority," denies the City has any "policies, customs, or practices" that cause constitutional deprivations, denies it has any widespread deficient or unconstitutional practice that is "so permanent and well-settled as to constitute a custom or usage with the force of law," denies it has the requisite degree of culpability therefrom, and denies that any alleged "policy, custom, or practice" of the City directly caused the alleged violations that would give rise to liability under 42 U.S.C. § 1983.

4.     Without admitting the *Monell* allegations in the Second Amended Complaint, the City will consent to entry of judgment against the City for Plaintiff for compensatory damages and, to the extent allowed by the Court, reasonable attorney fees pursuant to 42 U.S.C. § 1988, if the finder of fact in this case finds that Defendants Hitz and/or Defendant Riordan is/are liable for a violation of Plaintiff's Decedent's constitutional rights as alleged in the Second Amended Complaint.  The terms of this Consent also will apply if either Defendants Hitz and/or Riordan is found liable to Plaintiff on a motion for summary judgment, or found liable to Plaintiff pursuant to any other court procedure not involving a finder of fact that determines, based on the merits of this case, that either Defendant Hitz or Riordan is/are liable to Plaintiff for a violation of Plaintiff's Decedent's constitutional rights as alleged in the Second Amended Complaint.

5.     With respect to Defendant Hitz and/or Riordan's assertion of qualified immunity, the City will consent to entry of judgment against it for Plaintiff for compensatory damages and,

---

[1] *See Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978).

3

to the extent allowed by the Court, reasonable attorney fees pursuant to 42 U.S.C. §1988, if the finder of fact determines that either Defendant Hitz or Riordan violated Plaintiff's Decedent's constitutional rights as alleged in the Second Amended Complaint, even if Defendant Hitz or Riordan is further found to be not liable to Plaintiff because either or both is entitled to qualified immunity.

6.     For this purpose and in this case only, the City waives its right under *Monell* not to be found liable for damages pursuant to Section 1983 without proof that the City by its "policy, custom, or practice," and with the requisite degree of culpability, caused the alleged constitutional violation. As stated herein, if liability for a constitutional violation regarding Plaintiff's Decedent is found against Defendant Hitz or Riordan, the City agrees to accept liability against it for compensatory damages and, to the extent allowed by the Court, reasonable attorney fees, in regard to that respective claim of Plaintiff based solely on that alleged constitutional violation, and not upon any alleged "policy, custom, or practice." The Consent to Entry of Judgment will not apply to liability based on a settlement to which the City is not a party, or a non-court procedure, such as arbitration or mediation, unless the City agrees to be bound by such proceedings.

7.     The City does not waive any defense it may have to the claims in this case except as specifically stated above. The City also retains the right to move to alter or amend any judgment, move for judgment as a matter of law reversing such judgment, appeal, or seek any other post-trial relief from such judgment based on any grounds not inconsistent with this Consent.

Respectfully submitted,

4

EDWARD N. SISKEL
Corporation Counsel of the City of Chicago

BY:   /s/ Raoul Vertick Mowatt
      Assistant Corporation Counsel

30 North LaSalle Street, Suite 900
Chicago, Illinois 60602
(312) 744-3283