# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ESTATE OF PIERRE LOURY, Deceased, by Tambrasha Hudson, Administrator, | ) ) ) ) |
| Plaintiff, | ) Case No. 16-cv-4452 ) ) Judge Sharon Johnson Coleman |
| v. | ) ) |
| CITY OF CHICAGO, Chicago Police Officer SEAN HITZ, | ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Tambrasha Hudson, who is the administrator of the Estate of Pierre Loury, brings constitutional and state law claims against defendant Chicago Police Officer Sean Hitz and a *Monell* claim against the City of Chicago. Before the Court is defendants' joint Federal Rule of Civil Procedure 42(b) motion to bifurcate plaintiff's *Monell* claim from the claims against Officer Hitz for purposes of trial. For the following reasons, the Court, in its discretion, denies the City's motion to bifurcate.[1]

**Background**

On April 11, 2016, defendant Officer Hitz and non-defendant Officer Richard Riordan were on duty as Chicago police officers when they responded to a call of "shots fired" that went out over the police radio. As the officers were driving southbound on Homan Avenue, individuals informed them that a person in a black sedan traveling northbound on Homan Avenue had fired the shots.

---

[1] On May 23, 2018, the Executive Committee of the Northern District of Illinois reassigned this matter to the Court after the Honorable Amy J. St. Eve was confirmed as a Circuit Judge to the United States Court of Appeals for the Seventh Circuit. Prior to reassignment, Judge St. Eve denied without prejudice the City's first Rule 42(b) motion to bifurcate discovery and trial in a written opinion dated April 20, 2017. The Court presumes familiarity with Judge St. Eve's detailed and well-reasoned opinion.

The officers then followed the black sedan. After the sedan turned west on Roosevelt Road, Officer Riordan initiated a traffic stop. When the sedan came to a stop, the decedent Pierre Loury, who was sixteen-years-old at the time, quickly exited the front passenger door and ran northbound through a vacant alley. The officers immediately pursued him. After Loury ran through the alleyway, he reached a fence and began to climb over it. Officer Hitz then fired two shots at Loury resulting in his death.

**Legal Standard**

Rule 42(b) states that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Fed. R. Civ. P. 42(b). A court may grant bifurcation if it would prevent prejudice to a party or promote judicial economy, "as long as doing so will not prejudice the non-moving party." *Chlopek v. Federal Ins. Co.,* 499 F.3d 692, 700 (7th Cir. 2007). When determining whether to bifurcate claims, the Court "must balance considerations of convenience, economy, expedition, and prejudice, depending on the peculiar facts and circumstances of each case." *Houskins v. Sheahan*, 549 F.3d 480, 495 (7th Cir. 2008). Accordingly, determining whether to bifurcate claims is a fact-intensive determination over which the Court has considerable discretion. *UWM Student Assoc. v. Lovell*, 888 F.3d 854, 863 (7th Cir. 2018); *Volkman v. Ryker*, 736 F.3d. 1084, 1088-89 (7th Cir. 2013); *Krocka v. City of Chicago*, 203 F.3d 507, 516 (7th Cir. 2000).

**Discussion**

Defendants first argue that bifurcation or staging the trial by separating the *Monell* claim will eliminate the risk of misleading the jury, confusing the issues, and prejudicing Officer Hitz. Further, defendants assert that plaintiff's "vast and multifaceted *Monell* claims" will overwhelm the limited facts of Officer Hitz's use of deadly force.

The City is subject to liability under *Monell* if one of its policies or customs resulted in a

2

constitutional deprivation. *Ruiz-Cortez v. City of Chicago*, 931 F.3d 592, 598 (7th Cir. 2019). This deprivation can be caused by an express municipal policy, a widespread custom or practice, or a decision by a municipal agent with final policymaking authority. *Levy v. Marion Cty. Sheriff,* 940 F.3d 1002, 1010 (7th Cir. 2019); *see also Bridges v. Dart,* 950 F.3d 476, 479 (7th Cir. 2020) ("In order to hold a government entity such as a municipality or county liable under section 1983, the plaintiff must demonstrate that the government entity (here, a county) itself caused the constitutional violation at issue."). Although the City argues that plaintiff's *Monell* claims are vast and multifaceted, plaintiff brings several straight-forward claims, including that Officer Hitz's use of deadly force arises from the City's failure to train and supervise its police officers by not properly investigating and disciplining them.

Because claims of failure to supervise and train seek "to hold a municipality liable" for "causing an employee's misconduct," *Ruiz-Cortez*, 931 F.3d at 599, often there is overlapping evidence that establishes both the individual and *Monell* claims, such as Officer Hitz's training and disciplinary record. As plaintiff illustrates, she seeks to present evidence that Officer Hitz's version of the shooting is false and that the City's investigation into his use of deadly force failed to analyze available evidence contradicting Officer Hitz's version. If the Court were to bifurcate for purpose of trial, the parties and jury would still have to untangle any such overlapping evidence – possibly twice.

In addition, defendants' argument regarding jury confusion and prejudice can be cured by limiting jury instructions. *See Burton v. City of Zion,* 901 F.3d 772, 784 (7th Cir. 2018) (courts "presume that juries follow the court's instructions."); *Real v. Bunn-O-Matic Corp.*, 195 F.R.D. 618, 624–25 (N.D. Ill. 2000) (potential juror "confusion can be remedied by good lawyering, cautionary warnings, limiting instructions, or special verdict forms."). Defendants' concerns about prejudicial evidence, such as information concerning the 2015 shooting of Laquan McDonald, should be

3

addressed in their motions in limine in the context of Federal Rule of Evidence 403. *See Common v. City of Chicago*, 661 F.3d 940, 947 (7th Cir. 2011) ("all evidence is prejudicial"). Defendants' remaining arguments are mere speculation, including that plaintiff will present trial evidence in a disorganized fashion. Speculation is not a sound reason to grant defendants' motion to bifurcate.

Next, to ameliorate any prejudice to plaintiff in relation to bifurcating the *Monell* claim from her individual claim against Officer Hitz, the City agrees to consent to a limited entry of judgment against it. Plaintiff contends that taking her *Monell* claim to trial will achieve non-monetary goals, such as deterring Chicago police officers from the unreasonable use of deadly force knowing that they may not face any consequences for their misconduct. Indeed, as Judge St. Eve explained in her denial of the City's first motion to bifurcate, "[p]laintiff has other important objectives – most notably, deterrence and reform – that would be furthered by a judgment holding the City liable for the Defendant Officers' alleged misconduct." *Estate of Loury by Hudson v. City of Chicago*, No. 16 C 4452, 2017 WL 1425594, at *5 (N.D. Ill. Apr. 20, 2017). The City's reiteration of its earlier argument does not change this analysis.

Also, defendants argue that bifurcation is warranted because any harm to decedent was caused by Officer Hitz and not by the City's policies. This "causation" argument is an attempt to draw an artificial line between Officer Hitz's conduct and the City's policies – especially in light of *Ruiz-Cortez's* holding that claims of failure to supervise or train seek "to hold a municipality liable" for "causing an employee's misconduct." *Id.* at 599.

On a final note, the Court recognizes that other courts in this district have, in their discretion, granted motions to bifurcate *Monell* claims from individual constitutional claims against Chicago police officers. Nonetheless, "[i]mplicit in the concept of a discretionary judgment" is the possibility that "two judges, confronted with the identical record," may "come to opposite conclusions." *United States v. Banks*, 546 F.3d 507, 508 (7th Cir. 2008). Ultimately, whether to

4

bifurcate is a case-by-case determination left to the Court's discretion. Considering the parties' arguments and the circumstances of this lawsuit, the Court denies defendants' motion.

**Conclusion**

Based on the foregoing, this Court, in its discretion, denies defendants' joint motion to bifurcate [174].

IT IS SO ORDERED.

Date: 3/27/2020

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge